

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 28, 2025

**By ECF**
The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Cavanaugh v. Wyatt Detention Center et al.*, 25 Civ. 8169 (LJL)

Dear Judge Liman:

    This Office represents respondent Patrick McFarland (the "Government") in connection with *pro se* petitioner Sarah Cavanaugh's ("Petitioner") petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently housed at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington") in the Eastern District of Kentucky, challenges her conditions of confinement and asks this Court to order BOP to transfer her to Houston House, a residential reentry center ("RRC") located in Pawtucket, Rhode Island. I write respectfully to respond to the Court's October 24, 2025 Orders directing the Government to show cause why jurisdiction is appropriate in the Southern District of New York and to inform the Court if its position is that the Court lacks jurisdiction over Petitioner's claims. ECF Nos. 20, 23. As explained below, because Petitioner has not been detained in this District, the Court lacks subject matter jurisdiction to consider this action under the immediate custodian rule. Accordingly, the Court should transfer this case to the Eastern District of Kentucky, where petitioner is currently in custody.

    As background, Petitioner is serving a 70-month term of imprisonment for wire fraud, aggravated identity theft, forged military discharge certificates, and fraudulent use of military medals. *See United States v. Cavanaugh*, 22 Cr. 79 (JJM) ECF No. 45 (D.R.I. Mar. 22, 2023). Following Petitioner's sentencing, BOP Designated Petitioner to serve her term of imprisonment at the Federal Correctional Institution in Danbury ("FCI-Danbury") in the District of Connecticut. October 28, 2025 Declaration of Patrick McFarland ("McFarland Decl."), ¶ 6. On May 15, 2025, BOP transferred Petitioner to Houston House, a private, independent residential reentry center in Pawtucket, Rhode Island pursuant to the Second Chance Act. *Id.* ¶ 7. BOP contracts with Houston House to provide pre-release custody placement and monitoring for federal inmates and monitoring. During the three months Petitioner was housed at Houston House, she received three formal incident reports. *Id.* ¶ 8. The last incident, which involved seeking personal information about an incoming resident, occurred on August 12, 2025. *Id.* As a result, BOP transferred Petitioner temporarily to Wyatt Detention Facility ("WDF"), a non-federal detention center with which BOP contracts, in the process of facilitating her transfer to a new designated facility. *See* https://www.wyattdetention.com (last visited Oct. 28, 2025).

On August 25, 2025, Petitioner filed her Petition in the District of Rhode Island. *See* ECF No. 1. At the time the Petition was filed, Petitioner was still incarcerated at the WDF. However, Petitioner was subsequently transferred to her new designated facility, the satellite prison camp at FMC Lexington on September 23, 2025.[1] McFarland Decl., ¶ 10.; BOP, *Find an Inmate* https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2025).

The Government agrees with the Court's assessment that it "appears that under binding precedent, this Court is jurisdictionally foreclosed from issuing the relief sought by Petitioner." ECF No. 20 at 2. With respect to habeas petitions pursuant to Section 2241, "[i]t is well settled that [i]n order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian." *Tejeda v. Reno*, No. 00 Civ. 6338 (SAS), 2000 WL 1280969, at *1 (S.D.N.Y. Sept. 11, 2000) (internal quotation marks omitted). The Court "lacks power to issue a writ unless the person who has custody of a petitioner is within reach of the court's process [.]" *Adorno v. Nessinger*, No. 24 Civ. 9760 (VEC), 2025 WL 506576, at *1 (S.D.N.Y. Feb. 14, 2025) (internal quotation marks omitted); *Betancourt v. United States*, No. 20 Civ. 3390 (KAM), 2020 WL 7321376, at *1 (E.D.N.Y. Dec. 11, 2020) ("a court cannot issue a writ of *habeas corpus* without having jurisdiction over the custodian of the petitioner."). In keeping with this, "[t]he Supreme Court has made clear that whenever a 28 U.S.C. § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011); *United States v. Vittini-Morey*, No. 99 Cr. 893 (SAS), 2007 WL 510095, at *2 (S.D.N.Y. Feb. 15, 2007) ("[T]he proper respondent in a petition brought under section 2241 is the warden who has physical custody of the defendant."); *Goodall v. Von Blanckensee*, No. 17 Civ. 3615 (KMK) (JCM), 2019 WL 8165002, at *4 (S.D.N.Y. July 19, 2019), *report and recommendation adopted*, No. 17 Civ. 3615 (KMK), 2020 WL 1082565 (S.D.N.Y. Mar. 5, 2020). As a result, "venue for a habeas petition under § 2241 challenging a petitioner's physical confinement generally lies in the district of [his] confinement." *United States v. Needham*, 460 F. Supp. 3d 323, 326 (S.D.N.Y. 2020).

Accordingly, the Court should transfer this case to the Eastern District of Kentucky where Petitioner is currently confined and where her current custodian, Warden David Paul is located. *Williams v. Bureau of Prisons*, No. 24 Civ. 867 (JPC)(RFT), 2024 WL 1195839, at *2 (S.D.N.Y. Mar. 20, 2024) (the Government may consent to transfer to a venue other than where a petition was filed "where, as here, the petitioner was moved after filing the habeas petition to a different facility with a different warden in a different district."); *Gates v. Toulon*, No. 23 Civ 07599 (HG), 2023 WL 8461694, at *2 (E.D.N.Y. Nov. 8, 2023) (concluding that the Court "no longer ha[d] any jurisdiction to adjudicate Petitioner's request for a writ of habeas corpus because he is no longer in custody within the boundaries of this District and has instead been transferred. . ."). Should the Court determine that the Eastern district of Kentucky is the most appropriate venue in light of Petitioner's confinement there, the Government would consent to having Warden Paul substituted in as respondent, and for the case to be transferred to the Eastern District of Kentucky.

Thank you for the Court's consideration of this request.

---

[1] FMC Lexington includes a satellite camp for female offenders.

Respectfully,

JAY CLAYTON
United States Attorney

By:     /s/ *Kamika S. Shaw*
Kamika S. Shaw
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2768
Email: Kamika.Shaw@usdoj.gov

cc: Sarah Cavanaugh
    Reg. No. 90889-509
    FMC Lexington
    P.O. Box 14500
    Lexington, KY 40512
    *PRO SE*
    (By U.S. Mail)

Petitioner shall respond to this letter within two weeks of receipt. Petitioner shall indicate whether she consents to venue in the Eastern District of Kentucky rather than the District of Rhode Island. The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner at the following address: Sarah Cavanaugh, Reg. No. 90889-509, FMC Lexington, P.O. Box 14500, Lexington, KY 40512. The government is also directed to serve a copy of this Order on Petitioner and file proof of service on the docket indicating the date on which the order was received at FMC Lexington. The government's time to respond to the motion is adjourned sine die. The Clerk of Court is respectfully directed to closed the motion at Dkt. No. 22.
Date: October 28, 2025

SO ORDERED.

LEWIS J. LIMAN
United States District Judge